IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher T. Wilder,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>Mental Health; Mr. Lenav; Warden Clark; Warden Kendall; Mrs. Major C. Holmes; Capt Morgan Bruce; Warden Sheppard; Mrs. Stacey Belilk,<br><br>　　　　　　　　　Defendants. | C/A No. 0:22-cv-983-JFA-PJG<br><br>**AMENDED ORDER** |

## I.　　INTRODUCTION

Plaintiff Christopher T. Wilder, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint has been filed pursuant to 28 U.S.C. § 1915; § 1915A. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, the Magistrate Judge assigned to this action issued an order informing the plaintiff that his complaint contained several deficiencies as drafted and providing him with time to file an amended complaint to correct those pleading deficiencies. (ECF No. 9). Plaintiff filed an amended complaint on May 2, 2022, (ECF No. 11), but he still failed to state a viable claim.

1

After receiving Plaintiff's amended complaint, the Magistrate Judge prepared a thorough Report and Recommendation ("Report"). (ECF No. 16). Within the Report, the Magistrate Judge opines this action is subject to summary dismissal without prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on May 31, 2022. *Id.* The Magistrate Judge required Plaintiff to file objections by June 14, 2022. *Id.* Plaintiff filed a document containing his proclaimed objections and further proposed amendments to the amended complaint. (ECF No. 24).[2] Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate

---

[1] To protect against possible abuses, this statute allows a district court to dismiss certain cases upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. *Id.*

[2] This Court previously adopted the Magistrate Judge's Report, finding that Plaintiff failed to object or otherwise respond within the required time frame. (ECF No. 21). However, those receiving Court filings are given an additional 3 days under Fed. R. Civ. P. 6 and filing notices from prisoners are considered filed at the moment of delivery to prison authorities. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Plaintiff's filing was timely because it was submitted to prison authorities on June 17, 2022 and received by the Court on June 29, 2022.

Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III.   DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 16).

In response to the Report, Plaintiff submitted a two page letter stating his objection to the Magistrate Judge's overall recommendation. (ECF No. 24). The majority of the filing broadly concludes that the Magistrate Judge's Report was erroneous; however, Plaintiff fails to cite to any specific portions in the Report that he claims were in error. *Id.* Plaintiff's filing presents the same claims against the same defendants as the first amended complaint. (*Compare* ECF Nos. 11 & 24). In the filing containing his objections he states that he is " sending the same amendment of copies from the same complaint that I filed." (*See* ECF No. 24 at 3). In these filings, Plaintiff attempts to gain relief by merely citing to statutes and asserting that his constitutional rights are being violated. (ECF Nos. 11 & 24). None of these objections illuminate any specific error which would allow this Court to conduct a *de novo* review. Thus, Plaintiff has failed to raise any specific objections and therefore this Court is not required to give an explanation for adopting the recommendation.

Accordingly, Plaintiff's response, even when construed as objections, fails to show any error in the Report and must be overruled. Furthermore, a full review of the Report and prior orders indicates that the Magistrate Judge correctly concluded Plaintiff's filings fail to state a cognizable claim.

4

## IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 16). Consequently, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

July 5, 2022                                                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                                           United States District Judge